**Alfred VALDEZ, Respondent,**

v.

**GILSTER–MARY LEE CORPORATION, Appellant.**

**No. ED 103808**

Missouri Court of Appeals, Eastern District, *DIVISION TWO.*

Filed: June 14, 2016

Samuel E. Buffaloe, 1000 West Nifong, Building 7, Suite 100, Columbia, MO. 65203, for appellant.

Gregory L. Barnes, P.O. Box 899, Jefferson City, MO. 65102, for respondent.

Before Philip M. Hess, P.J., Gary M. Gaertner, Jr., J. and Angela T. Quigless, J.

### ORDER

**PER CURIAM.**

Gilster–Mary Lee Corporation ("Employer") appeals from the Labor and Industrial Relations Commission's (the "Commission") Final Award, awarding Alfred Valdez ("Claimant"), *inter alia*, 40% of the body as a whole for permanent and partial disability for herniated discs and subsequent fusion, and $701,892.59 for past medical expenses (the "Final Award"). The Final Award modified the decision of the Administrative Law Judge awarding Claimant 7.5% of the body as a whole for permanent and partial disability for a low back strain/sprain and denying Claimant's claim for past medical expenses. Employer asserts on appeal that the Final Award was against the weight of the evidence because "Claimant was not a credible witness as to the development of his symptoms." Employer also asserts the award of $701,892.59 for past medical expenses was against the weight of the evidence because Employer is entitled to a credit. Employer argues that the medical bills in the record provide evidence of extinguishment and write-offs of various kinds. Claimant has filed a motion to strike Employer's brief and dismiss the appeal, alleging Employer failed to comply with Rule 84.04.[1] We ordered the motion to be taken with the case. The motion is hereby denied.

We have reviewed the briefs of the parties, the record on appeal, and the parties' oral argument. We find the Commission did not err because the Final Award was supported by competent and substantial evidence and was not against the weight of the evidence. Employer's Points I and II are denied. An extended opinion would

---

appear in Magruder's blasting plan, and they were, in fact, discussed at the hearing.

1. All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicated.

have no jurisprudential purpose. We have, however, provided a memorandum setting forth the reasons for our decision to the parties for their use only. We affirm the Final Award pursuant to Mo. R. Civ. P. 84.16(b) (2015).